# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEMPER INDEPENDENCE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>BLAKE WELLS, et al.,<br><br>    Defendants | No.: 1:17-cv-01612-AWI-SAB<br><br>ORDER ADDRESSING REQUEST TO REDACT AND STAYING ACTION<br><br>(ECF No. 6) |

On January 19, 2018, the parties filed a stipulation to stay this action and to redact certain information filed as Exhibit A to the complaint. (ECF No. 6.)

**A.    Request to Stay**

Other than stating that the resolution of the declaratory relief coverage action may depend on the facts to be litigated in the underlying lawsuit, the parties request to stay did not provide any analysis of the need for the stay or legal authority to support the request. Therefore, on January 24, 2018, an informal telephonic conference was held to address the reasons for the stay. Counsel Maria Louise Cousineau and Dina Richman appeared telephonically for Plaintiff and Counsel James Wilkins appeared telephonically for Defendants.

In the current action, Plaintiff is seeking declaratory judgment on whether a duty to defend and indemnify exists under the homeowner's policy issued to Defendants. The parties contend that the issues which will determine whether

coverage is provided by the policy will be the same factual issues that will be at issue in the underlying action to determine liability. Because there are overlapping factual issues in the underlying state court action and this declaratory relief action, the Court finds that it is appropriate to stay this action pending resolution of the underlying state court action. See Montrose Chem. Corp. v. Superior Court (Canadian Universal Ins. Co.), 25 Cal.App.4th 902, 910 (1994), as modified (June 30, 1994) (addressing the types of prejudice to the insured that occurs when an insurer prosecutes a concurrent declaratory relief and third party action). Therefore, the request to stay this action shall be granted.

### B. Request to Seal

Pursuant to the Local Rule of the United States Court, Eastern District of California ("L.R."), documents may only be sealed by written order of the Court upon the showing required by applicable law. L.R. 141(a).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Since nondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, the public's interest in access to documents attached to them is not as strong as those attached to dispositive motions. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). Therefore, where a document is attached to a nondispositive motion the usual presumption of the public's right to access in rebutted; and the party merely needs to show good cause to preserve the secrecy of the document. Kamakana, 447 F.3d at 1179-80.

Plaintiff requests to redact certain information contained in the insurance policy attached as Exhibit A to the complaint, specifically the defendants' home address, loan information, and automobile information. However, the information redacted from the exhibit is much broader than merely the personal information identified in

the request to redact. The parties have provided no justification for the redaction of information beyond the defendants' home address, loan information, and automobile information which would be entitled to redaction due to privacy concerns. Accordingly, the Court shall deny the request to redact as the redactions in the documents submitted are overly broad.

The document shall be sealed due to the confidential information identified that that is currently filed in the public record, but in filing a redacted document the parties must provide good cause for any information that is redacted from the document. If the parties believe that good cause exists to redact the additional information they must file a motion providing adequate justification for the redaction of the information.

Based on the foregoing, the Court HEREBY ORDERS that:

1. The parties' request to remove Exhibit A, (ECF No. 5), from the record is GRANTED and the Clerk of the Court is DIRECTED to SEAL ECF No. 5;
2. Within five (5) days from the date of entry of this order, Plaintiff is directed to file a redacted copy of Exhibit A which redacts only the defendants' home address, loan information, and automobile information or file a motion requesting redaction of any additional information sought to be redacted;
3. This action is STAYED pending final resolution of the Underlying Lawsuit, Doe v. Wells, Fresno County Superior Court Case No. 16CEG00594;
4. The parties are ordered to file a Joint Report on the status of the Underlying Lawsuit every 120 days;
5. Within ten (10) court days of a final resolution of the Underlying Lawsuit, whether by judgment, settlement, or otherwise, either

party must file a request with this Court to lift the stay and proceed with litigation.

IT IS SO ORDERED.

Dated: __**January 24, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE